# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE THOM,<br><br>    Plaintiff,<br><br> vs.<br><br>THE UNIVERSITY OF KANSAS SCHOOL OF MEDICINE, and<br><br>UNIVERSITY OF KANSAS PHYSICIANS,<br><br>    Defendant. | Case No. 2:23-cv-02517-KHV-GEB |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The University of Kansas Physicians ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

### I. Parties

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

2. Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits the allegations.

3. Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that it employed Plaintiff in the role of "Physician" from approximately July 1, 2017, until approximately June 30, 2022. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

4. Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

## II. Jurisdiction and Venue

5. Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to establish jurisdiction but denies engaging in any unlawful act or omission by which to establish jurisdiction, and therefore denies the allegations.

6. Paragraph 6 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to establish jurisdiction but denies engaging in any unlawful act or omission by which to establish jurisdiction, and therefore denies the allegations.

7. Paragraph 7 of Plaintiff's Complaint of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to establish jurisdiction and venue but denies engaging in any unlawful act or omission by which to establish jurisdiction or venue, and therefore denies the allegations.

8. Paragraph 8 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to establish venue but denies engaging in any unlawful act or omission by which to establish venue, and therefore denies the allegations.

9. Paragraph 9 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to establish venue but denies engaging in any unlawful act or omission by which to establish venue, and therefore denies the allegations.

62990585v7

### III. Administrative Proceedings

10. Paragraph 10 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies that Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action against Defendant and denies that Plaintiff timely filed her charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Defendant states that the documents Plaintiff attached to her Complaint as Exhibits A and B speak for themselves and denies the allegations to the extent that the allegations are inconsistent with the documents. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant states that the documents Plaintiff attached to her Complaint as Exhibits C and D speak for themselves and denies the allegations to the extent that the allegations are inconsistent with those documents. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

### IV. Factual Allegations

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits that it employed Plaintiff in the role of "Physician" from approximately July 1, 2017, until approximately June 30, 2022, in Defendant's Emergency Medicine Department. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits that on January 7, 2022, Ambrosya Amlong, Senior Administrator, Emergency Medicine, University of

Kansas Health System, sent an e-mail correspondence to Plaintiff, with a carbon copy to Dr. Chad Cannon, indicating that Ms. Amlong, Dr. Cannon, and the Office of Graduate Medical Education had received complaints about Plaintiff from resident physicians, and the e-mail correspondence included details about the complaints. Defendant states that the document speaks for itself and denies the allegations to the extent that the allegations are inconsistent with the document. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

15.     Answering paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff sent an e-mail correspondence to Dr. Cannon regarding complaints against her. Defendant states that the document speaks for itself and denies the allegations to the extent that the allegations are inconsistent with the document. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

16.     Answering paragraph 16 of Plaintiff's Complaint, Defendant admits the allegations.

17.     Answering paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations.

18.     Answering paragraph 18 of Plaintiff's Complaint, Defendant denies the allegations.

19.     Answering paragraph 19 of Plaintiff's Complaint, Defendant admits that names and identifying information of the individuals who complained about Plaintiff were not disclosed to Plaintiff, nor were documents that would disclose such information. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

20.     Answering paragraph 20 of Plaintiff's Complaint, Defendant admits that concerns were raised regarding Plaintiff's interactions with residents, including one such example involving a urology resident. Defendant lacks information or knowledge sufficient to form a belief as to

whether the specific incident Plaintiff identifies in Paragraph 20 of the Complaint was discussed with her in the January 27, 2022, meeting and therefore denies the remaining allegations in Paragraph 20, including Plaintiff's characterization of the specific incident identified.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendant admits that concerns were raised regarding Plaintiff's response to orders residents entered under her name and that this topic was discussed at the January 27, 2022, meeting. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, including whether Plaintiff has accurately identified "examples" that were shared with her at the meeting on January 27, 2022, and therefore denies the same.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendant admits that Plaintiff represented that she would take steps to improve following the January 27, 2022, meeting. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant admits that Ms. Amlong sent Plaintiff an e-mail on January 27, 2022. Defendant states that the document speaks for itself and denies the allegations to the extent that the allegations are inconsistent with the document. Defendant further admits that the concerns discussed in the January 27, 2022, meeting were not considered to be "resolved" or "in abeyance" at the close of the meeting. Defendant denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendant denies "incongruities" in the feedback provided to Plaintiff and denies any improper "escalation" of complaints. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendant admits the allegations.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendant admits that, during the meeting on March 4, 2022, Plaintiff spoke about actions she had undertaken since the January 27, 2022, meeting. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

31. Answering paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendant admits that on March 10, 2022, Dr. Chad Cannon and Ms. Ambrosya Amlong informed Plaintiff of the intent to issue a Notice of Non-Renewal of her University of Kansas Physicians employment contract by March 21, 2022, which would be effective June 30, 2022. They also provided Plaintiff the opportunity to resign in lieu of non-renewal. Defendant denies the remaining allegations.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendant admits that Plaintiff expressed interest in the Clerkship Director position to Dr. Cannon at some point in time.

62990585v7

Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant denies the allegation that Dr. Crane possessed no greater qualifications than Plaintiff for the Clerkship Director position. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendant admits that Plaintiff communicated her desire for the Clerkship Director position at some point in time. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

40. Answering paragraph 40 of Plaintiff's Complaint, Defendant states that Plaintiff was not selected for the Clerkship Director, co-director, or assistant director position(s) and such decision was communicated to Plaintiff. Defendant denies that Plaintiff was not provided an explanation for why she was not selected for the position(s). Defendant admits that Dr. Crane was selected as a Clerkship Director beginning in July 2019. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

41. Answering paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendant admits that Plaintiff served as the Co-Clerkship Director along with another female physician starting around approximately June of 2021, after Dr. Crane was no longer an employee of either defendant. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations.

44. Answering paragraph 44 of Plaintiff's Complaint, Defendant denies the allegations.

45. Answering paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations.

46. Answering paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations.

47. Answering paragraph 47 of Plaintiff's Complaint, Defendant admits that a gender-related survey was conducted in the Emergency Department in 2020. Defendant also admits that another survey was conducted in 2022 across multiple departments, after Plaintiff had been informed of the non-renewal of her contract. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendant denies that Plaintiff experienced or observed disparate treatment on the basis of sex on behalf of Defendant. Defendant is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendant lacks information or knowledge sufficient to form a belief as to allegations regarding Plaintiff's subjective belief about the surveys, and therefore denies the same. Defendant denies any remaining allegations in Paragraph 49 of the Complaint, including the allegation that Plaintiff experienced retaliation fueled by any feedback given on a survey.

## V. Causes of Action

### COUNT I

50. Answering paragraph 50 of Plaintiff's Complaint, Defendant incorporates all averments and statements in this Answer as if fully set forth herein.

51. Paragraph 51 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant admits that Plaintiff is a female.

52. Answering paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations.

53. Paragraph 53 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

54. Paragraph 54 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

55. Paragraph 55 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

56. Paragraph 56 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

57. Paragraph 57 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations and states that the statute speaks for itself.

58. Paragraph 58 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

Regarding the allegations in the unnumbered paragraph beginning with "WHEREFORE, Plaintiff prays…," Defendant denies any wrongdoing and denies that Plaintiff is entitled to the damages and other relief requested in this paragraph.

## COUNT II

59. Answering paragraph 59 of Plaintiff's Complaint, Defendant incorporates all averments and statements in this Answer as if fully set forth herein.

60. Paragraph 60 of Plaintiff's contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

61. Paragraph 61 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

62. Paragraph 62 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

63. Paragraph 63 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

64. Paragraph 64 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations and states that the statute speaks for itself.

65. Paragraph 65 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations.

Regarding the allegations in the unnumbered paragraph beginning with "WHEREFORE, Plaintiff prays…," Defendant denies any wrongdoing and denies that Plaintiff is entitled to the damages and other relief requested in this paragraph.

## AFFIRMATIVE AND/OR OTHER DEFENSES

Defendant's affirmative and other defenses are set forth below. By stating a defense, Defendant does not thereby assume the burden of proof on such defense except to the extent applicable law requires Defendant to plead and prove the defense in order to avail itself of the defense. Defendant reserves the right to assert any additional defenses that arise during the course of investigation and discovery.

1. Defendant restates and incorporates the averments and statements in this Answer above as if fully set forth herein.

2. Defendant denies each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted herein.

3. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted.

4. Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted because Plaintiff has not suffered any damages as a result of conduct by Defendant.

5. Plaintiff's claims are barred, in whole or in part, by her failure to comply with or exhaust the jurisdictional, procedural, and administrative prerequisites for filing this action.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable regulatory filing periods to the extent Plaintiff's claims seek to recover for alleged (but disputed) acts or omissions beyond the applicable statutes of limitations and/or the applicable regulatory filing periods.

7. Defendant was not Plaintiff's employer for the purposes of all alleged activities of wrongdoing in Plaintiff's Complaint.

8. Defendant is not a joint employer with the University of Kansas or, as named in Plaintiff's Complaint, "the University of Kansas School of Medicine" (the "University"), and

Plaintiff cannot recover against Defendant for actions taken by the University with respect to her employment with the University.

9. Defendant acted reasonably, in good faith, and with justification at all times with respect to Plaintiff.

10. Defendant's actions were at all times taken in good faith and for legitimate business reasons and not for any illegal purpose.

11. Defendant denies that it violated any law with regard to Plaintiff, and specifically denies that it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

12. Defendant's actions with regard to Plaintiff complied with Title VII.

13. Defendant would have taken the same actions concerning Plaintiff in the absence of any alleged impermissible motivating or determining factor and, therefore, any alleged damages or relief sought by Plaintiff must be appropriately limited and restricted.

14. Plaintiff's claims fail to the extent they are barred, in whole or in part, by the doctrines of waiver, estoppel, unjust enrichment, unclean hands, and/or after acquired evidence, as well as principles of equity.

15. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, liquidated, or other damages against Defendant.

16. Plaintiff's alleged damages, if any, are barred, reduced and/or limited pursuant to applicable limitations of awards, caps on recovery, and setoffs permitted by law.

17. Plaintiff's alleged damages, to the extent any exist, are speculative and uncertain, and therefore, not compensable.

18. Plaintiff's alleged damages, if any, are barred or limited to the extent she has failed to mitigate her alleged damages.

19. To the extent Plaintiff has suffered damage, Defendant was not the proximate cause of such damage.

20. Defendant specifically denies the existence of any causal connection between Plaintiff's alleged damages and the conduct or incidents alleged by Plaintiff.

21. Any award against Defendant should be reduced by the amount of any compromise or settlement between Plaintiff and any party, both named and unnamed, arising out of the facts or circumstances alleged in Plaintiff's Complaint.

22. No actions taken by Defendant were outrageous, made with evil motive, or made with reckless disregard to the rights of others.

23. Plaintiff's Complaint is frivolous and without foundation in law or fact, entitling Defendant to its attorneys' fees and costs in this matter.

24. Any claim for punitive damages may be barred by Defendant's good faith efforts to comply with the law and/or the fact that the actions of any alleged wrongdoer were outside the scope of his or her employment and contrary to the Defendant's policies, to the extent discovery and evidence may establish that any of Defendant's employees acted in a discriminatory or retaliatory fashion toward Plaintiff, which is denied.

25. Plaintiff is not entitled to punitive damages and an award of punitive damages may violate the U.S. Constitution.

26. Defendant reserves the right to add additional defenses by amendment once they are identified.

62990585v7

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, award Defendant its costs and expenses incurred in this action, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Bridget B. Romero
Bridget B. Romero (21938)
Ellen C. Rudolph (27945)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
bridget.romero@lathropgpm.com
ellen.rudolph@lathropgpm.com

ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF KANSAS PHYSICIANS

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of April, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that provides notice and service to all parties and counsel of record.

/s/ Bridget B. Romero
An Attorney for Defendant
The University of Kansas Physicians

62990585v7